ELENIUS FROST & WALSH
Brian W. Walsh (State Bar Number 126483)
  brian.walsh@cna.com
555 Mission Street, Suite 330
San Francisco, California 94105
Telephone: (415) 932-7000
Facsimile: (415) 932-7001

BERKES CRANE ROBINSON & SEAL LLP
Steven M. Crane (SBN 108930)
  scrane@bcrslaw.com
515 South Figueroa Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 955-1150
Facsimile: (213) 955-1155

Attorneys for Plaintiff, THE CONTINENTAL INSURANCE COMPANY, as successor-in-interest to certain liabilities of Harbor Insurance Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY, as successor-in-interest to certain liabilities of Harbor Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FIRE INSURANCE COMPANY, as successor-in-interest to Industrial Indemnity Company, ASSOCIATED ELECTRIC & GAS SERVICES LIMITED, and DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendant. | CASE No. 2:13-CV-02563-PA (MRWx)<br><br>Assigned to: Hon. Percy Anderson<br><br>**EX PARTE APPLICATION FOR UNDER SEAL FILING OF CERTAIN DOCUMENTS RELATING TO THE CONTINENTAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Summary Judgment**<br>  Hearing Date:     December 2, 2013<br>Time:                     1:30 p.m.<br>Location:              Courtroom 15<br>                              312 North Spring Street<br>                              Los Angeles, CA 90012<br><br>Action Filed:     April 11, 2013<br>Trial Date:        April 15, 2014<br><br>[Filed concurrently with: [Proposed] Order] |

Pursuant to Central District of California Local Rule 79.5.1, Plaintiff, The Continental Insurance Company, as successor-in-interest to certain liabilities of Harbor Insurance Company ("Continental"), hereby Applies for an Order to seal portions of the following documents in support of Continental's Motion for Summary Judgment:

Declaration of David Steiger, Paragraph 6, in support of Continental's Motion for Summary Judgment referencing the amount of the settlement of the underlying Toxic Tort Actions;

Continental's Statement of Uncontroverted Facts and Conclusions of Law, No. 10 and 11, referencing Paragraph 6 of Mr. Steiger's Declaration referencing the amount of the settlement of the underlying Toxic Tort Actions;

Memorandum of Points and Authorities, pages 3:23, 8:24, referencing amount of settlement in the underlying Toxic Tort Actions.

Counsel for Continental has spoken with counsel for Defendants U. S. Fire (Jeff Dollinger) and AEGIS (John Rivkin) on October 21, 2013 to inform them of this Ex Parte Application. Neither objects to the Ex Parte Application or the sealing as requested by Continental. (Crane Decl., ¶ 4.) The address, telephone number and e-mail addresses are: Jeffrey A. Dollinger, Woolls & Peer, One Wilshire Boulevard, 22nd Floor, Los Angeles, California 90017-3323 - Telephone: (213) 629-1600 and E-mail address: jdollinger@woollspeer.com; John L. Rivkin, Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556-0926 - Telephone: (516) 357-3269 and E-mail address: john.rivkin@rivkin.com.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Good cause exists for this Court to seal these portions of these three documents. Paragraph 6 of the Steiger Declaration references a confidential settlement amount paid by Sempra Energy to resolve the underlying Toxic Tort Actions. The Statement of Uncontroverted Facts, No. 10, and Memorandum of

Points and Authorities, in turn, reference Mr. Steiger's Declaration regarding the amount paid by Sempra Energy to resolve the underlying Toxic Tort Actions. A specific condition of the settlement agreement between Sempra Energy and the underlying plaintiffs was strict confidentiality. (Crane Decl., ¶ 2.) The amount of the settlement must be sealed in order to prevent this information from being available in the public record contrary to and in violation of this confidentiality provision.

This Court has discretion to seal documents in these circumstances. *See, e.g., Siemens Industry, Inc. v. SIPCO, LLC*, 2012 WL 5334186 (N.D. Ga. 2012) (where federal district court granted the motions to seal stating, "however, in this case, there is good cause to grant the motions to seal because the referenced filings include and restate the material provisions of a confidential settlement agreement."); *see also, Davis v. Quality Carriers, Inc., et al,* 2009 WL 5066906 (D.N.J. 2009) (upholding the sealing of a settlement agreement and related documents made under a Confidentiality Agreement by the settling parties finding that plaintiffs have demonstrated a substantial and compelling interest in confidentiality and further noting that the "public has little interest in the documents proposed to be filed under seal, as only private interest are involved.") Here, Continental proposes to narrowly tailor the sealing so as to redact only the amount of the settlement from its moving papers, and having under seal only those pages from the Declaration of David Steiger, the Statement of Uncontroverted Facts and Memorandum of Points and Authorities that reference the amount. Continental proposes to file its submissions fully intact except for a redaction of the amount of the settlement.

By this Application, Continental seeks to protect the confidential nature of the amount of underlying settlement between Sempra Energy and the underlying plaintiffs by asking the Court to order the above-referenced documents sealed. No party opposes the request for sealing.

A proposed order is lodged herewith for the Court's consideration.

DATED: October 22, 2013   ELENIUS FROST & WALSH

By: /s/ Brian W. Walsh
BRIAN W. WALSH
Attorneys for Plaintiff,
THE CONTINENTAL INSURANCE COMPANY, as successor-in-interest to certain liabilities of Harbor Insurance Company

DATED: October 22, 2013   BERKES CRANE ROBINSON & SEAL LLP

By: /s/ Steven M. Crane
STEVEN M. CRANE
Attorneys for Plaintiff, THE CONTINENTAL INSURANCE COMPANY, as successor-in-interest to certain liabilities of Harbor Insurance Company

108663.1