Dick A. Semerdjian, Esq. SBN 123630
John A. Schena, Esq. SBN 269597
das@ssbclaw.com
john@ssbclaw.com
SCHWARTZ SEMERDJIAN BALLARD & CAULEY LLP
101 W. Broadway Suite 810
San Diego, CA 92101
Telephone: (310) 550-8857
Facsimile: (619) 236-8827

*And Of Counsel*
John L. Rivkin, Esq.
Steven Zuckermann, Esq.
John.rivkin@rivkin.com
Steven.zuckermann@rivkin.com
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
Attorney for Defendant ASSOCIATED ELECTRIC &
GAS INSURANCE SERVICES LIMITED ("AEGIS")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY, as successor-in-interest to certain liabilities of Harbor Insurance Company<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FIRE INSURANCE COMPANY, as successor-in-interest to Industrial Indemnity Company, ASSOCIATED ELECTRIC & GAS SERVICES LIMITED, and DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendants. | Case No.   CV 13-2563 PA (MRWx)<br><br>**EX PARTE APPLICATION FOR UNDER SEAL FILINGS OF CERTAIN DOCUMENTS RELATING TO THE ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: December 2, 2013<br>Time: 1:30 p.m.<br>Hon. Percy Anderson |

Pursuant to Central District of California Local Rule 79.5.1., Defendant Associated Electric & Gas Insurance Services Limited ("AEGIS"), erroneously sued as Associated Electric & Gas Services Limited, hereby Applies for an Order to seal portions of the following documents in opposition to the motion for summary judgment of The Continental Insurance Company ("Plaintiff"):

Declaration of John L. Rivkin, Paragraph 10, 3:21, in Opposition to Motion for Summary Judgment, referencing amount received in settlement by Plaintiff;

Declaration of John L. Rivkin, Exhibit B, in Opposition to Motion for Summary Judgment, Page 1, Paragraph 3, referencing the amount of fees and costs incurred by Sempra Parties;

Response Separate Statement of Uncontroverted Facts and Conclusions of Law, Paragraph 19, 10:6, and Paragraph 34, 15:15, referencing the material described in the preceding documents; and

Memorandum of Points and Authorities in Opposition, Pages 7:7, 16:10, and 20:3, referencing the material described in the preceding documents.

The information sought to be sealed is information previously deemed by the Plaintiff to be confidential information. The filing of this ex parte application is in response to Plaintiff's application [see Doc. No. 36] to seal similar information. No party has objected to the ex parte process or the sealing previously requested.

**Memorandum of Points and Authorities**

Good cause exists for the Court to seal the portions of the four documents described above. The information sought to be sealed is subject to a confidential provision of a settlement agreement between Sempra Energy and underlying plaintiffs. [See Doc. No. 36, p.2] Out of an abundance of caution, the amount of the settlement(s) should be sealed to prevent public dissemination of the information contrary to the parties' agreement.

//

As described in Plaintiff's prior ex party application, the Court has discretion to seal documents in these circumstances. *See, e.g., Siemens Industry, Inc. v. SIPCO, LLC*, 2012 WL 5334186 (N.D. Ga. 2012) (where federal district court granted the motions to seal stating, "however, in this case, there is good cause to grant the motions to seal because the referenced filings include and restate the material provisions of a confidential settlement agreement."); *see also, Davis v. Quality Carriers, Inc., et al*, 2009 WL 5066906 (D.N.J. 2009) (upholding the sealing of a settlement agreement and related documents made under a Confidentiality Agreement by the settling parties finding that plaintiffs have demonstrated a substantial and compelling interest in confidentiality and further noting that the "public has little interest in the documents proposed to be filed under seal, as only private interest are involved.") Here, AEGIS out of an abundance of caution merely seeks to seal the same type of information previously sealed by Plaintiff, redacting only settlement figures from its moving papers, and having under seal only those pages from the Declaration of John L. Rivkin and exhibit thereto, the Response to the Statement of Uncontroverted Facts, and Memorandum of Points and Authorities that reference the amounts. AEGIS proposes to file its submissions fully intact except for a redaction of the financial figures.

//
//
//
//
//
//
//
//
//

By this Application, AEGIS seeks to protect the confidential information of underlying settlements from public dissemination by requesting that the Court order the above-referenced documents sealed.

Respectfully submitted,
DATED: November 12, 2013

**SCHWARTZ SEMERDJIAN BALLARD & CAULEY, LLP**

By: /s/ John A. Schena
Dick A. Semerdjian
John A. Schena
Attorney for Defendant,
ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED

And

**OF COUNSEL
RIVKIN RADLER LLP**
926 RXR Plaza
Uniondale, New York 11556

John L. Rivkin
Steven Zuckermann

Attorneys for Defendant
ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED

By this Application, AEGIS seeks to protect the confidential information of underlying settlements from public dissemination by requesting that the Court order the above-referenced documents sealed.

Respectfully submitted,
DATED: November 12, 2013

**SCHWARTZ SEMERDJIAN BALLARD & CAULEY, LLP**

By: /s/ John A. Schena
Dick A. Semerdjian
John A. Schena
Attorney for Defendant,
ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED

And

**OF COUNSEL
RIVKIN RADLER LLP**
926 RXR Plaza
Uniondale, New York 11556

John L. Rivkin
Steven Zuckermann

Attorneys for Defendant
ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED