ELENIUS FROST & WALSH
Brian W. Walsh (State Bar Number 126483)
  brian.walsh@cna.com
555 Mission Street, Suite 330
San Francisco, California  94105
Telephone:  (415) 932-7000
Facsimile:  (415) 932-7001

BERKES CRANE ROBINSON & SEAL LLP
Steven M. Crane (SBN 108930)
  scrane@bcrslaw.com
515 South Figueroa Street, Suite 1500
Los Angeles, California  90071
Telephone: (213) 955-1150
Facsimile:  (213) 955-1155

Attorneys for Plaintiff, THE CONTINENTAL INSURANCE COMPANY, as successor-in-interest to certain liabilities of Harbor Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY, as successor-in-interest to certain liabilities of Harbor Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FIRE INSURANCE COMPANY, as successor-in-interest to Industrial Indemnity Company, ASSOCIATED ELECTRIC & GAS SERVICES LIMITED, and DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendant. | CASE No. 2:13-CV-02563-PA (MRWx)<br><br>STIPULATED PROTECTIVE ORDER RE: NONDISCLOSURE OF CONFIDENTIAL DOCUMENTS AND ORDER THEREON |

**WHEREAS**, The Continental Insurance Company ("Continental"), Industrial Indemnity Company, by United States Fire Insurance Company ("U.S. Fire") and Associated Electric & Gas Services Limited ("AEGIS") (collectively "Parties") have sought or may seek the discovery of information and/or documents in this action

1

STIPULATED PROTECTIVE ORDER RE: NONDISCLOSURE OF CONFIDENTIAL DOCUMENTS AND [PROPOSED ORDER THEREON

that the Parties may contend are subject to the attorney-client privilege or any other such privilege, or are confidential and proprietary;

**NOW THEREFORE**, Continental, U.S. Fire and AEGIS, by and through their undersigned counsel, hereby agree and stipulate to the following terms and conditions:

## DEFINITIONS

1. As used herein, the term "CONFIDENTIAL INFORMATION" means: (a) any type of non-public research, development, financial, technical, or commercial information and other such related communications that the disclosing party believes in good faith has not been made generally available to the public and the disclosure of which arguably could waive an attorney-client privilege or any other privilege under which such information falls, or harm its business operations or interests, and (b) data and communications pertaining to such CONFIDENTIAL INFORMATION, including but not limited to any summaries, compilations, quotes, or paraphrases thereof as well as letters and e-mail correspondences.

2. As used herein, the term "DOCUMENT" and "DOCUMENTS" mean documents and writings as defined in FRCP 34.

## DESIGNATION OF CONFIDENTIAL INFORMATION

3. This Stipulation and Order applies to all discovery responses and other materials containing CONFIDENTIAL INFORMATION disclosed in this action that are designated by a party as "CONFIDENTIAL" as it is defined below, whether such disclosure is by order of the Court or by response to questions in depositions, written interrogatories, requests for the production of documents and other tangible things, requests for admission, or any other discovery undertaken in this action.

4. Continental, U.S. Fire and AEGIS may protect information they believe constitutes CONFIDENTIAL INFORMATION by designating such information as

"CONFIDENTIAL" before or at the time of disclosure of such information. Such designation shall be accomplished by placing the notation "Confidential—Contains Information Subject to Protective Order" (hereinafter "CONFIDENTIAL") on each DOCUMENT, or the first page of every multi-page DOCUMENT or portion thereof so designed in a manner that will not interfere with legibility or audibility. In the case of CONFIDENTIAL INFORMATION disclosed in a non-paper medium, e.g., videotape, audiotape, computer disks, etc., the CONFIDENTIAL notation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the DOCUMENT itself and to the CONFIDENTIAL INFORMATION contained therein.

5. The Parties shall use reasonable care to avoid designating any materials as CONFIDENTIAL INFORMATION that are not entitled to such designation or that are generally available to the public.

6. If at any time prior to the trial of this action, a party realizes that some portion(s) of DOCUMENTS containing CONFIDENTIAL INFORMATION, or any information contained therein, was produced without a confidentiality designation when that material is entitled to be designated as CONFIDENTIAL by that party or entity, that party may so designate such DOCUMENTS by apprising all parties, as soon as possible, in writing of the new designation, and such designated portion(s) of the DOCUMENTS will thereafter be treated as CONFIDENTIAL, under the terms of this Stipulation and Order, unless the provisions of paragraph 11 apply. Once a party receives notice of the claimed re-designation under this paragraph, that party shall make reasonable efforts to minimize the effect of any prior distribution of the materials to persons or entities not entitled to receive such re-designated materials. These efforts shall include attempting to obtain all copies of DOCUMENTS that, prior to the re-designation, had been distributed to persons or entity no longer entitled to receive such materials.

DISCLOSURE AND/OR UTILIZATION OF CONFIDENTIAL INFORMATION

7. Continental, U.S. Fire and AEGIS acknowledge that disclosure of DOCUMENTS containing CONFIDENTIAL INFORMATION and the information contained therein is not intended to waive any attorney-client privilege or any other privilege, and that such privileges are intended to be preserved; and disclosure is made only for the purpose of prosecuting and defending the claims in this lawsuit.

8. Continental, U.S. Fire and AEGIS, hereby agree that they will not utilize or disclose DOCUMENTS containing CONFIDENTIAL INFORMATION, or any information contained therein, except as follows:

    A. Continental, U.S. Fire and AEGIS, will not utilize DOCUMENTS containing CONFIDENTIAL INFORMATION, or any information contained therein, for any purpose other than prosecution, defense, or appeal of the claims in this action;

    B. Continental, U.S. Fire and AEGIS, will not disclose DOCUMENTS containing CONFIDENTIAL INFORMATION, or any information contained therein, except as reasonably necessary for the prosecution, defense, or appeal of the claims in this action;

    C. Subject to the terms and condition of this Protective Order, CONFIDENTIAL INFORMATION may be disclosed only to the following persons and only to the extent such persons have a legitimate need to know the particular CONFIDENTIAL INFORMATION disclosed to them:

        1. Counsel working on this action on behalf of any Party and such counsel's employees;

        2. The Parties' in-house counsel, and such other persons regularly employed by the parties, who are involved in or

consulted with respect to the prosecution or defense of this action;

3. Employees of Parties or counsel to this action who are involved in one or more aspects of organizing, filing, storing, or retrieving data or designating programs for handling data connection with this action;

4. Witnesses or potential witnesses in this action;

5. Experts and consultants retained or informally consulted by counsel concerning the preparation and trial of this action and their secretarial and clerical employees;

6. Court reporters and other persons involved in recording deposition testimony in this action;

7. Employees of copying or microfilming services utilized with respect to this action or the prosecution of defense thereof;

8. Reinsurers, retrocessionaires, accountants, and auditors of any Party; and

9. The Court and any persons employed by the Court whose duties require access to any information in connection with this action.

D. With respect to the examination of witnesses upon oral deposition, when designated CONFIDENTIAL INFORMATION is supplied to the deponent, or when the deponent's testimony contains, reflects, or discloses the contents of DOCUMENTS designated as CONFIDENTIAL, the deposition reporter and/or videotape operator shall be informed of this Stipulation and Order by the party seeking to invoke its protection, and will be required to agree to be bound by its terms. The reporter and/or

operator then shall place on the cover of any deposition transcript or videotape that contains any designated CONFIDENTIAL INFORMATION the notation of CONFIDENTIAL.  Counsel for the Parties then shall take appropriate steps to prevent any portions of any deposition transcript or videotape incorporating CONFIDENTIAL INFORMATION from being disclosed to any person except as reasonably necessary for the prosecution or defense of the claims in this action.

9. Nothing herein shall prohibit counsel from disclosing a DOCUMENT that contains CONFIDENTIAL INFORMATION to the person whom the DOCUMENT identifies as an author, addressee, or recipient of such DOCUMENT.

## FILING OR LODGING UNDER SEAL

10. If any party seeks to file or lodge with the Court any DOCUMENTS, including deposition transcripts or videotapes that contain CONFIDENTIAL INFORMATION such materials shall be filed or lodged in the manner set forth in Local Rule 79-5.1, Central District of California, United States District Court,. Before any party submits any of the DOCUMENTS to the Court to be made a part of the public record in this case, counsel for the parties shall meet and confer in an attempt to redact each such DOCUMENT so that the form in which it is submitted to the Court will not infringe any entity's privileges.  In the event that the parties cannot agree to the form of any such DOCUMENT to be submitted to the Court, any party may submit an ex parte application to the Court seeking leave to file the redacted DOCUMENT without it being designated CONFIDENTIAL and may make available to the Court for *in camera* inspection both the unredacted and the redacted forms of the DOCUMENT.

## CHALLENGING A DESIGNATION

11. If a party contends that any material is not entitled to be designated as CONFIDENTIAL, or seeks limited disclosure of otherwise protected material, or otherwise desires some relief from the obligation imposed by this Stipulation and Order, such party may at any time give written notice to the opposing party and any person or entity that designated any affected DOCUMENTS.  The written notice shall provide a reasonably specific description of the nature of relief sought and the basis for the request.  Counsel for the complaining and designating Parties shall meet and confer in good faith concerning such disputed CONFIDENTIAL INFORMATION within ten (10) court days of receipt of the notice.  If agreement is not reached within ten (10) court days from the date such notice was served, the party seeking relief may move the Court for an order re-designating the material, or removing the designation, or permitting limited disclosure of otherwise protected material, or providing the desired relief from this Stipulation and Order.  The party seeking to maintain the protected status of the affected material shall have the burden of establishing that the material is entitled to protection.

12. Notwithstanding any challenge pursuant to paragraph 11 to the designation of material as CONFIDENTIAL, all information shall be treated in accordance with its designated level of protection until (a) the party claiming confidential status withdraws such designation in writing; (b) the party claiming confidential status fails to oppose a motion for an order under paragraph 11; or (c) the Court enters an order in accordance with paragraph 11 and such order has been finally decided.

## DEPOSITION AND THIRD PARTY WITNESSES BOUND BY THIS STIPULATION AND ORDER

13. Each deponent or third party witness to whom any party proposes to

disclose CONFIDENTIAL INFORMATION at a deposition, trial, or other proceeding shall be given a copy of this Stipulation and Order and informed of its contents, and is thereby bound by the obligations of confidentiality and non-disclosure as set forth in this Stipulation and Order.  The Parties shall request that all such witnesses sign the declaration attached hereto as Exhibit "A," but if they refuse, they shall be informed that they nevertheless are bound by this Stipulation and Order.

## CONCLUSION OF THE LITIGATION

14. This Order shall survive the termination of the litigation.  Within 120 days of the final disposition of this action (including any and all appeals), all DOCUMENTS containing CONFIDENTIAL INFORMATION, or any information contained therein, designated as CONFIDENTIAL and all copies thereof other than materials or information constituting or contained in unsealed pleadings, court filings, correspondence, and trial and deposition transcripts, shall either be promptly returned to the producing person, or destroyed within the time period, upon consent of the party who provided the information, and the party destroying the materials shall certify in writing within thirty (30) days that the documents have been destroyed.

15. This Court shall retain jurisdiction over all persons subject to this Stipulation and Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## MISCELLANEOUS

16. CONFIDENTIAL INFORMATION designated as CONFIDENTIAL shall be maintained in the custody of counsel for the Parties except that: (a) any court reporter who transcribes testimony given in this action may maintain any such

designated CONFIDENTIAL INFORMATION for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of such designated CONFIDENTIAL INFORMATION may be retained by consultants entitled to see such information under the terms of this Stipulation and Order to the extent necessary for their study, analysis, and preparation of the case.  A person with custody of such designated CONFIDENTIAL INFORMATION shall maintain it in a manner that limits access to only those persons entitled under this Stipulation and Order to examine it.

17.  By entering into this Stipulation and Order, no party waives any objections it may have to the production of DOCUMENTS covered by this Stipulation and Order.

18.  Nothing herein shall be deemed to preclude the parties from utilizing any information contained in DOCUMENTS containing CONFIDENTIAL INFORMATION for the purpose of obtaining, or opposing, payment for defense costs of the Underlying Actions.

19.  This agreement may be subsequently modified by Stipulation of the parties or by Court Order.

Respectfully submitted,

DATED: January 7, 2014        BERKES CRANE ROBINSON & SEAL LLP


By: /s/ Steven M. Crane
    STEVEN M. CRANE
    Attorneys for Plaintiff, THE
    CONTINENTAL INSURANCE
    COMPANY, as successor-in-interest to
    certain liabilities of Harbor Insurance
    Company

| | | |
|---|---|---|
| 1 | DATED: January 7, 2014 | RIVKIN RADLER LLP |
| 2 | | |
| 3 | | |
| 4 | | By:/s/ Steven Zuckermann |
| 5 | | STEVEN ZUCKERMANN<br>Attorneys for Defendant, ASSOCIATED |
| 6 | | ELECTRIC & GAS INSURANCE SERVICE |
| 7 | | LIMITED |
| 8 | DATED: January 7, 2014 | WOOLLS & PEER |

| | | |
|---|---|---|
| 11 | | By: /s/ Jeffrey A. Dollinger |
| | | JEFFREY A. DOLLINGER |
| 12 | | Attorneys for Defendant, Industrial Indemnity |
| 13 | | Company, by United States Fire Insurance |
| | | Company pursuant to May 27, 2005 Order of the |
| 14 | | Superior Court of Los Angeles, Case No. |
| 15 | | BX083582 |
| 16 | **IT IS SO ORDERED.** | |
| 17 | January 8, 2014 | |
| 18 | | Percy Anderson |
| | | UNITED STATES DISTRICT COURT JUDGE |